UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANT'S EX PARTE APPLICATION TO DESIGNATE A REBUTTAL EXPERT WITNESS AND/OR STRIKE PLAINTIFF'S EXPERT REBUTTAL WITNESS (Dkt. #56, filed July 14, 2014)

## I.    INTRODUCTION AND BACKGROUND

On February 6, 2013, plaintiff Daniel Farris filed this action against International Paper Company, Inc. ("IP") and Does 1-100 in San Bernardino County Superior Court. IP removed the action to this Court on March 15, 2013, and was assigned to the Honorable Virginia A. Phillips. Dkt. #1. By order dated July 14, 2014, this action was transferred to the undersigned judge. Dkt. #59. The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3,[1] failure to pay wages and waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., and violation of the record-keeping provisions set forth in Labor Code § 226. Dkt. #21.

On June 16, 2014, IP designated Robert W. Crandall as an expert witness. In his report, dated June 16, 2014, Crandall opines on the nature of the evidence in the record. Crandall states that, in his opinion, the evidence in the record demonstrates that plaintiff was not entitled to paid vacation. Crandall grounds his opinion on a review of the evidence in the record, including a memorandum regarding paid vacation policy, an employee handbook, and his knowledge of employers' typical pay practices. Crandall also opines that, even assuming plaintiff's entitlement to paid vacation, plaintiff's

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

calculation of damages is inflated. On July 7, 2014, plaintiff designated Miles Locker as a rebuttal expert witness. In his report, dated July 7, 2014, Locker also opines on the nature of the evidence in the record. Locker opines, based on his review of the evidence as well as his knowledge of the California labor laws, that plaintiff was entitled to paid vacation. Locker also responds directly to some of Crandall's assertions. E.g., Locker Decl. ¶¶ 14, 21.

On July 14, 2014, IP filed an ex parte application to designate a rebuttal expert witness to respond to Locker's report, or, in the alternative, to strike Locker as an expert witness altogether. Dkt. #56. Plaintiff filed an opposition on July 15, 2014. Dkt. #58. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

IP contends that the scope of Locker's proffered testimony, as set forth in his report, is beyond the scope of the subject matter addressed in Crandall's initial report. Specifically, IP contends that Locker's report "sets forth a high level of detailed legal analysis and corresponding legal opinions based on his experience as a sixteen year veteran of the [California Division of Labor Standards Enforcement]." Ex Parte App. at 3. By contrast, according to IP, Crandall's report contains no opinions as to the legality of IP's vacation policies, or other issues of California law. Thus, according to IP, Locker's report is impermissible as rebuttal testimony "cannot be used to advance new arguments or evidence." Id. at 4 (quoting Larson v. Wisc. Cent. Ltd., 2012 WL 368379, at *4 (E.D. Wisc. Feb. 3, 2012)). Plaintiff responds that Locker's report constitutes permissible rebuttal material because Locker opines on the same fundamental issues as Crandall, namely, the plausibility of plaintiff's entitlement to vacation pay, and the strength of the evidence in support of plaintiff's claims.

The Court agrees with plaintiff. Federal Rule of Civil Procedure 26(a)(2)(C)(ii) defines rebuttal evidence as "evidence [that ] is intended solely to contradict or rebut evidence on the same subject matter identified by another party." MMI Realty Servs., Inc. v. Westchester Surplus Lines Ins. Co., 2009 WL 649894, at *2 (D. Haw. March 10, 2009); see also Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 749 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party."). Rebuttal expert testimony "must address the 'same subject matter' identified by the initial expert." Laflamme v. Safeway, Inc., 2010 WL 3522378,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

at *2 (D. Nev. Sept. 2, 2010). As set forth above, Locker's report, like Crandall's, appears to be based on a review of the evidence in the record, and sets forth Locker's opinion as to whether plaintiff is entitled to vacation pay. While Locker cites to legal authority in his report that is not present in Crandall's report, the two reports nonetheless concern the "same subject matter." See MMI, 2009 WL 649894, at *2. Thus, Locker's report represents proper rebuttal testimony. See id. (noting that a rebuttal expert is "free to support his opinions with evidence not cited in [an initial expert's] reports"). Accordingly, since Locker's report falls squarely within the realm of proper rebuttal testimony, it would not be appropriate to strike Locker as an expert witness, or to permit IP to designate a rebuttal witness.[2]

### III. CONCLUSION

In accordance with the foregoing, IP's ex parte application is hereby DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

[2] However, after reviewing both parties' expert reports, the Court has significant questions as to whether these reports invade the province of the jury. Accordingly, at trial, the Court may substantially limit the admissibility of the opinions contained in the reports.