UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jared Beilke | Amy Gillinger |
| | Attorneys Present for Third-Party Defendants: |
| | Douglas Silverstein |

**Proceedings:** THIRD-PARTY DEFENDANT YEGHIA BEKIARIAN'S MOTION TO DISMISS (Dkt. #45, filed June 19, 2014)

PLAINTIFF'S MOTION TO STRIKE (Dkt. #48, filed June 23, 2014)

## I. INTRODUCTION

On February 6, 2013, plaintiff Daniel Farris filed this action against International Paper Company, Inc. ("IP") and Does 1-100 in San Bernardino County Superior Court. IP removed the action to this Court on March 15, 2013, and was assigned to the Honorable Virginia A. Phillips. Dkt. #1. By order dated July 14, 2014, this action was transferred to the undersigned judge. Dkt. #59. The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3[1], failure to pay wages and waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., and violation of the record-keeping provisions set forth in Labor Code § 226. Dkt. #21. IP filed a third-party complaint on May 30, 2014, against third-party defendant Yeghia Bekiarian. Dkt. #'s 38, 41. The third-party complaint asserts claims against Bekiarian for breach of fiduciary duty, breach of the duty of loyalty, gross negligence, and intentional misrepresentation. Id.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

    On June 19, 2014, Bekarian filed a motion to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). IP filed an opposition on June 30, 2014, dkt. #51, and Bekarian replied on July 7, 2014, dkt. #54. On June 23, 2014, plaintiff filed a motion to strike the third-party complaint pursuant to Federal Rules of Civil Procedure 12(f), 14(a), 20-21, and 42(b). IP filed an opposition on June 30, 2014, dkt. #52, and plaintiff replied on July 7, 2014, dkt. #55. The Court held a hearing on July 21, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

**II.**      **BACKGROUND**

    Plaintiff is a former employee of defendant who alleges that defendant has failed to pay him vested vacation wages that he accrued during his employment. See generally SAC. The crux of IP's third-party complaint is that, to the extent that IP is liable to plaintiff for accrued vacation pay, Bekiarian is responsible for creating this liability. In this regard, IP alleges that Bekiarian was first hired by Crockett Containers in 1972. Third-Party Compl. ("TPC") ¶ 6. IP alleges that, at that time, Bekiarian oversaw all Crockett facilities in California. Id. In 1990, Crockett was acquired by Temple-Inland, and IP acquired Temple-Inland in or around February 2012. Id. ¶¶ 10, 17. After Temple-Inland acquired Crockett, Bekiarian became vice president and general manager of Temple-Inland's Crockett Division, and remained in that position after IP acquired Temple-Inland. Id. ¶¶ 12, 19.

    IP asserts that Bekiarian subjected Crockett, Temple-Inland, and IP to liability for vacation wages by promising plaintiff that he would be entitled to paid vacation. Id. ¶¶ 8, 25, 30, 35, 39. IP further alleges that Bekiarian instructed human resources and accounting employees under his control not to provide paid vacation for IP's sales representatives, including plaintiff, and not to account for accruing vacation pay liability. Id. ¶¶ 9, 15. In particular, IP alleges that Bekiarian instructed Gale Leach, formerly a human resources manager at Crockett, that commissioned sales representatives were not entitled to paid vacation, and further instructed her not to account for accruals of paid vacation as to those representatives. Id. ¶ 9. IP alleges that Bekiarian gave similar instructions to Edith Rocha, the Controller of the Crockett Division of Temple-Inland. Id. ¶ 15. Additionally, according to IP, when IP acquired Temple-Inland, Bekarian did not disclose the possibility that this alleged liability existed. Id. ¶¶ 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

    **C.**      **Fed. R. Civ. P. 12(f)**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

    **D.**      **Fed. R. Civ. P. 14(a)**

Federal Rule of Civil Procedure 14(a)(1) provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Sw. Adm'rs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). One potential ground for severance is that adjudication of the third-party claim in the same proceeding as the initial complaint would cause "confusion or prejudice." Nevada Eighty-Eight, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

v. Title Ins. Co., 753 F. Supp. 1516, 1530 (D. Nev. 1990); see also 6 Charles A. Wright, et al., Fed. Practice & Proc. § 1460 (3d ed. Westlaw 2013).

### E. Fed. R. Civ. P. 20-21, 42(b)

Under Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). "Rule 20(a)(2) is designed to promote judicial economy and trial convenience." Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011). If the Court concludes that joinder is not proper, a court may "add or drop a party," or "sever any claim against a party." Fed. R. Civ. P. 21. Alternatively, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision as to whether to order separate trials under Rule 42(b) "requires the same considerations" as severance under Rule 21. Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

## IV. DISCUSSION

### A. Motion to Dismiss

The Court first addresses Bekiarian's arguments that are applicable to IP's claims as a group, and then considers those that are directed at individual claims.

#### 1. Arguments Applicable to all Claims in the TPC

As an initial matter, Bekiarian argues that the TPC should be dismissed because it is duplicative of the counterclaim filed in a related action also pending before this Court, Jared Andresen et al. v. International Paper Company et al., 2:13-cv-02079-CAS-AJWx ("Andresen"). Thus, according to Bekiarian, IP's assertion of claims against him in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Andresen and the present case represents impermissible claim-splitting. The Court disagrees.[2] In assessing whether one set of claims is duplicative of another, thereby constituting claim-splitting, the court considers "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007) (citation omitted). Moreover, the relief sought in one action "must be founded upon the same facts" as the other. Id. (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). In other words, the Court must assess "whether the second suit raises issues that should have been brought in the first." Id. (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000)).

In Andresen, three individuals, Bekiarian, Jared Andresen, and John Duffy, are asserting claims against IP for failure to pay vested vacation wages upon termination, and related claims. Farris is not a plaintiff in Andresen. IP's counterclaim against Bekiarian in Andresen asserts that, to the extent that IP is liable to Bekiarian, Andresen, and Duffy, Bekiarian is responsible for such accrued liability. Here, Farris is asserting claims against IP for failure to pay vested vacation wages, and related claims. The TPC alleges that, to the extent that IP is liable to Farris, Bekiarian is responsible for such accrued liability. Thus, the TPC's claims are asserted based on liability that accrues as to Farris, while the Andresen counterclaim is asserted based on liability that accrues as to Andresen, Bekiarian, and Duffy. Based on these differences, it cannot be said that the claims asserted against Bekiarian in the TPC "should have been brought" in Andresen because Farris has no involvement in that action. See Curtis, 226 F.3d at 139. Accordingly, the Court finds that dismissal on claim-splitting grounds is inappropriate.[3]

---

[2] Since, as set forth below, the Court finds that the TPC is not duplicative of the Andresen counterclaim, Bekiarian's request for sanctions based on IP's purported claim splitting is DENIED.

[3] While the Andresen counterclaim contains an allegation that Bekiarian is responsible for the accrual of liability for paid vacation as to Farris, see Andresen Countercl. ¶ 20, the fact remains that IP has been named as a defendant in two separate lawsuits, one filed by Andresen, Bekiarian, and Duffy, and the other filed by Farris. IP is not responsible for the existence of two separate actions alleging liability for paid vacation wages as to different sets of plaintiffs, and it is therefore appropriate for IP to seek relief from Bekiarian in each of the two actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Bekiarian next argues that all of IP's claims should be dismissed because IP does not allege that any liability for paid vacation has actually accrued. According to Bekiarian, IP cannot assert claims based on accrued liability for vacation pay without first alleging that such liability exists. This argument fails. In its answer, IP denies that any paid vacation liability has accrued as to plaintiff. Answer ¶¶ 19, 21. The crux of IP's claims is that, to the extent that any liability for vacation pay has accrued, Bekiarian is responsible for that accrual. Rule 8 of the Federal Rules of Civil Procedure expressly permits pleading in the alternative in this fashion. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); cf. Standfacts Credit Servs. v. Experian Information Solutions, Inc., 405 F. Supp. 2d 1141, 1150 (C.D. Cal. 2005) ("[A] pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.").[4]

Next, Bekiarian argues that IP lacks standing under Article III of the United States Constitution to sue for injuries allegedly incurred as a result of Bekiarian's conduct prior to IP's acquisition of Temple-Inland. In this regard, Bekiarian contends that IP has denied in its answer that it is a successor employer of Crockett or Temple-Inland, and is therefore estopped from asserting it has suffered an injury in fact based on conduct that occurred while Bekiarian was employed by those entities. This argument lacks merit for two reasons. First, a "credible threat of harm" is sufficient to satisfy the injury-in-fact requirement for Article III standing. Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010). Here, it is plain that IP is now facing a lawsuit by plaintiffs, alleging that IP is liable for accrued vacation pay, including pay that accrued prior to IP's acquisition of Temple-Inland. See generally SAC. Thus, IP is facing a threat of economic harm stemming from the possibility that plaintiffs will prevail on their claims for accrued paid vacation. See Krottner, 628 F.3d at 1143. Second, as stated above, IP's claims are properly construed as pleading in the alternative, by alleging that, to the extent that IP is found liable as a successor to Crockett or Temple-Inland for accrued vacation pay, Bekiarian is responsible for that liability. IP need not admit that it is a successor to Crockett or Temple-Inland in order to assert claims based on the possibility that it could

---

[4] Bekiarian also argues that IP's claims are implausible based on its denial that it has any obligation to provide plaintiffs with paid vacation. This argument fails for the same reason stated above, namely, that Rule 8 permits IP to plead in the alternative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

be deemed a successor at some point in this litigation. See Standfacts Credit Servs., 405 F. Supp. 2d at 1150.

Bekiarian also argues that IP's claims should be dismissed because, under California law, there is no personal liability for failure to pay wages. This argument fails. California law recognizes that an employer may assert claims against an employee "when the employee takes action which is inimical to the best interests of the employer." See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (1995).[5] Here, IP's claims do not seek to hold Bekiarian liable for failure to pay wages. Rather, they seek to hold Bekiarian liable for his own alleged tortious conduct, done to the detriment of IP—exposing IP to liability for vacation pay, and then concealing that liability from IP. This theory of liability is available under California law. See id.

Bekiarian next argues that IP's claims "impermissibly seek[] to thrust an employer's cost of doing business upon an employee," in violation of California law. Specifically, Bekiarian argues that IP's claims violate California Labor Code section 221, which provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Cal. Labor Code § 221. This argument fails for substantially the same reason set forth in the previous paragraph; California law recognizes that an employer may seek to hold an employee liable for his or her own tortious conduct. That is what IP's claims seek to do in the present case.

Finally, Bekiarian argues that IP is barred from seeking damages against him because, pursuant to California Labor Code section 2802, IP would be required to indemnify him for any damages awarded against him. The Court disagrees. Labor Code section 2802 provides, in relevant part, that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Labor Code § 2802. This section

---

[5] The rule cited by Bekiarian is inapplicable here, but rather applies to situations in which an employee brings an action against an employer for unpaid wages, and seeks to hold an agent of the employer personally liable for the unpaid wages. See, e.g., Reynolds v. Bement, 36 Cal. 4th 1075, 1087 (2005), abrogated on other grounds by Martinez v. Combs, 49 Cal. 4th 35 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

does not require an employer to indemnify an employee for that employee's tortious conduct toward the employer. See Exec. Sec. Mgmt. v. Dahl, 830 F. Supp. 2d 870, 882 (C.D. Cal. 2011) (explaining that claims involving "alleged conduct outside the scope of [an employee's] duties, such as breach of fiduciary duty" do not come within the scope of section 2802). Here, as set forth above, IP seeks to hold Bekiarian liable for alleged tortious conduct committed against IP. Labor Code section 2802 is inapplicable to such claims. See Dahl, 830 F. Supp. 2d at 882.

      2.      Bekiarian's Claim-Specific Arguments

Bekiarian contends that IP's claim for intentional misrepresentation is not pled with the requisite particularity. To maintain a claim for intentional misrepresentation, a plaintiff must allege: (1) a false representation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4) actual and justifiable reliance; and (5) resulting damages. E.g., Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1157 (9th Cir. 2010); Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). In support of this claim, IP alleges that Bekiarian knowingly made false statements to Crockett, Temple-Inland, and IP that no paid vacation accrual liability existed as to any sales representatives or himself. TPC ¶ 39. IP further alleges that it relied on these representations, and as a result, has been damaged because it was deprived of the opportunity to "manage or account" for any of this alleged accrued liability. Id. ¶¶ 39-43. IP also alleges that Bekiarian (1) instructed various human resources personnel not to record any paid vacation for sales representatives, and (2) never disclosed this alleged accrual liability at the time that IP acquired Temple-Inland. Id.

Bekiarian contends that this claim is not pled with the particularity required by Rule 9(b) because it does not specify the "who, what, when, where, and how of the misconduct charged." Mot. Dismiss at 8. The Court finds this argument unpersuasive. As discussed above, a pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling, 476 F.2d at 397. Moreover, although the "who, what, when, where, and how" standard evokes the level of detail required by Rule 9(b), it does not articulate a rigid checklist. See U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) ("[T]he 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b). Rather, the rule is context specific and flexible . . . ."). Because the allegations summarized above identify the substance of the misstatements that form the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

basis for plaintiff's fraud claim, the Court concludes that the claim is pled with sufficient particularity.

Bekiarian argues that IP's claims for gross negligence and intentional misrepresentation are barred by the rule that "managers . . . cannot be held liable for actions taken in their managerial capacity." Mot. Dismiss at 11-12. According to Bekiarian, he cannot be held liable for these torts because all of the "alleged misconduct is based on [his] conduct as a manager." Id. Under California law, the manager's privilege acts primarily as a shield to protect a manager from individual liability to third parties for certain torts. For example, it operates as a shield against individual liability arising from personnel decisions, e.g., Hernandez v. Ignite Restaurant Group, 917 F. Supp. 2d 1086, 1090 (E.D. Cal. 2013), or from liability for intentional interference with contractual relations resulting from a corporation's breach of a contract on the advice of the manager, e.g., Halvorsen v. Aramark Uniform Servs., 65 Cal. App. 4th 1383, 1392 (1998). No authority supports Bekiarian's argument that the manager's privilege shields a manager from liability as to the manager's own principal. Thus, the Court finds that the manager's privilege does not bar IP's claims for gross negligence or intentional misrepresentation.

### B.     Plaintiff's Motion to Strike

#### 1.     Severance of the TPC

By order dated May 29, 2014, before this case was transferred to the undersigned judge, the Honorable Virginia A. Phillips granted IP's motion to file the TPC. Dkt. #40. In that order, Judge Phillips found that the record "contains no evidence that Plaintiff will be prejudiced by the filing of the Third-Party Complaint." Dkt. #40, at 2. Judge Phillips also noted that plaintiff did not file an opposition to IP's motion to file the TPC. Id. Finally, Judge Phillips found that the TPC "will not complicate the issues as trial, as all of the issues raised by [IP] are directly related to Plaintiff's claims against [IP]." Id. at 2-3.[6]

---

[6] Plaintiff asserts that it did not oppose IP's motion for leave to file the TPC because it had not yet seen the TPC, and therefore elected to wait until the TPC was filed, and review the allegations contained therein before deciding whether to move to sever it. The Court does not suggest that plaintiff is foreclosed from arguing that the TPC should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

     Plaintiff now argues that the TPC should be severed because the issue of IP's liability to plaintiff is distinct from the question of whether Bekiarian should be deemed liable to IP. The Court disagrees. As an initial matter, Judge Phillips previously found that the "issues raised by [IP] are directly related to Plaintiff's claims against [IP]." Dkt. #40 at 2-3. This Court agrees with Judge Phillips. While the SAC does not specifically refer to Bekiarian, IP avers that plaintiff's claims depend on "Bekiarian's handling . . . or [alleged] mishandling" of alleged vacation accrual during plaintiff's employment with IP. Opp. Mot. Strike at 4-5. Based on IP's representation, the Court finds that the interests of judicial economy weigh in favor of adjudicating the claims in the SAC and the TPC in the same action. Cf. Financial Systems, Inc. v. Yari, 422 F. Supp. 2d 1237, 1242 (D. Colo. 2006) (finding that third-party claim should not be severed from claim for unpaid debt because both claims required a determination of whether the defendant was liable for the debt in the first instance). While plaintiff contends that his claims against IP are supported by substantial evidence independent of Bekiarian's actions, the existence of some common facts is still a sufficient basis for finding that severance is inappropriate, at least during discovery and the filing of dispositive motions. Accordingly, plaintiff's motion to strike pursuant to Rules 14, 20, 21, and 42 is DENIED. However, this denial is without prejudice to the motion being renewed at the pretrial conference, which is currently scheduled for October 6, 2014. See Dkt. #31. At that time, plaintiff may seek an order requiring that plaintiff's claims be tried separately from the claims in the TPC in order to avoid jury confusion or prejudice to any party. See Fed. R. Civ. P. 42(b). At this stage, however, the interests of judicial economy favor completion of discovery and the adjudication of all dispositive motions prior to any potential severance.

     Plaintiff resists this conclusion on two grounds, neither of which is availing. First, plaintiff argues that severance is appropriate because IP's action against Bekiarian will be rendered unnecessary if plaintiff does not prevail in his action against IP. This argument fails. IP alleges that it has already suffered harm by being subjected to suit in this action, thereby incurring expenses associated with mounting a defense. Plaintiff provides no authority for the proposition that IP's claims for breach of fiduciary duty, breach of the

---

be severed based on its failure to oppose IP's motion for leave to file the TPC. Rather, the Court has reviewed the allegations in the TPC, as well as the parties' arguments pertaining to plaintiff's motion to strike, and concludes that severance is inappropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

duty of loyalty, gross negligence, and intentional misrepresentation require that a judgment be entered against IP before IP may proceed on its claims against Bekiarian. Rather, plaintiff cites FNB Mortg. Corp. v. Pac. Gen. Grp., 76 Cal. App. 4th 1116, 1128 (1999) for the proposition that "an indemnity action does not accrue . . . until the prospective indemnitee has paid the judgment or settlement." This argument is foreclosed by the fact that "[s]everal United States Circuit Courts of Appeal, including the Ninth Circuit, have indicated Rule 14(a) permits a defendant to pursue contribution and indemnity claims 'even though the defendant's claim is purely inchoate–i.e., has not yet accrued under the governing substantive law–so long as the third-party defendant may become liable for all or part of the plaintiff's judgment." Hecht v. Summerlin Life and Health Ins. Co., 536 F. Supp. 2d 1236, 1241 (D. Nev. 2008) (collecting cases).

Next, plaintiff argues that he will be prejudiced if the TPC is not severed because he is unable to assert claims against Bekiarian in this action. In this regard, plaintiff contends that he and Beckiarian are both citizens of California, and therefore, pursuant to 28 U.S.C. § 1367(b), the Court may not assert supplemental jurisdiction over such claims because doing so would be "inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332]." This argument lacks merit. Plaintiff does not assert any intention to assert any claims against Bekiarian. Moreover, as set forth above, plaintiff may argue at the pretrial conference that the claims in the TPC should be tried separately in order to avoid jury confusion or other prejudice.

        2.        Motion to Strike Pursuant to Rule 12(f)

Plaintiff also contends that two items in the TPC's prayer for relief should be stricken pursuant to Rule 12(f). These items are: (1) the TPC's request that "Plaintiff's Complaint be dismissed against [IP] and that [IP] be awarded its costs and attorney's fees"; and (2) the TPC's request that, "if Plaintiff is entitled to any judgment, such judgment be rendered solely against Third Party Defendant Bekiarian, and not against [IP]." TPC Prayer Relief ¶¶ 1-2. Plaintiff argues that the first item should be stricken because it is improper for the TPC, which is asserted against Bekiarian, to seek relief as to plaintiff. The Court finds that this item is not "redundant, immaterial, impertinent or scandalous," and therefore need not be stricken. Rather, it is apparent that this portion of the Prayer for Relief is simply an expression of IP's contention that Bekiarian, and not IP, is responsible for IP's alleged liability to plaintiff. See 6 Charles A. Wright, et al., Fed. Prac. & Proc. § 1442 (3d ed. Westlaw 2014) (stating that the objective of Rule 14 is to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-00485-CAS(SPx) | Date | July 21, 2014 |
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

"avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim"). Regarding the second item in the prayer for relief, Bekiarian argues that it should be stricken because Bekiarian cannot be held individually liable for violations of the California Labor Code. This argument fails for the reasons set forth in Section IV(A)(1) above. Accordingly, the Court finds that Bekiarian's motion to strike pursuant to Rule 12(f) should be DENIED.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES Bekiarian's motion to dismiss the claims in the TPC.

The Court also DENIES plaintiff's motion to strike. The Court's denial of plaintiff's motion to strike is without prejudice to it being renewed at the pretrial conference, at which time plaintiff may seek to have the claims in the TPC tried separately from his claims.

IT IS SO ORDERED.

| | | 00 | : | 21 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |