UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Present: The Honorable  **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Jason Campbell
Amy Gillinger

Attorneys Present for Third Party Defendants:
Lauren Morrison
Douglas Silverstein

**Proceedings:** DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION TO DISMISS THIRD-PARTY DEFENDANT YEGHIA BEKIARIAN'S CROSSCLAIM AND COUNT FOR INDEMNITY

## I. INTRODUCTION

On February 6, 2013, plaintiff Daniel Farris filed this action against International Paper Company, Inc. ("IP") and Does 1-100 in San Bernardino County Superior Court. IP removed the action to this Court on March 15, 2013, and it was assigned to the Honorable Virginia A. Phillips. Dkt. 1. By order dated July 14, 2014, this action was transferred to the undersigned judge. Dkt. 59. The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination in violation of Labor Code § 227.3,[1] failure to pay wages and waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and violation of the record-keeping provisions set forth in Labor Code § 226. Dkt. 21.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

On May 30, 2014, IP filed a third-party complaint against Yeghia Bekiarian. Dkts. 38, 41. The third-party complaint asserts claims against Bekiarian for breach of fiduciary duty, breach of the duty of loyalty, gross negligence, and intentional misrepresentation. Id. On June 19, 2014, Bekiarian filed a motion to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 45. The Court denied Bekiarian's motion on July 21, 2014. Dkt. 66.

On August 11, 2014, Bekiarian filed an answer to IP's third-party complaint in which he also asserts a counterclaim against IP. Dkt. 75 ("Answer"). Specifically, Bekiarian argues that IP is required to reimburse and indemnify him pursuant to Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws. Id. IP moved to dismiss Bekiarian's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 2, 2014. Dkt. 88. Bekiarian opposed the motion on September 15, 2014, dkt. 118, and IP replied on September 22, 2014, dkt. 154. The Court held a hearing on October 6, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff Daniel Farris is a former employee of defendant IP who alleges that IP has failed to pay him vested vacation wages that he accrued during his employment. See generally SAC. The crux of IP's third-party complaint is that, to the extent that IP is liable to plaintiff Farris for accrued vacation pay, Bekiarian is responsible for creating this liability. Specifically, IP asserts that Bekiarian—a former managerial employee of IP—subjected IP to liability for vacation wages by promising plaintiff Farris that he would be entitled to paid vacation. Third-Party Compl. ("TPC") ¶¶ 8, 25, 30, 35, 39. IP further alleges that Bekiarian instructed human resources and accounting employees under his control not to provide paid vacation for IP's sales representatives, including plaintiff Farris, and not to account for accruing vacation pay liability. Id. ¶¶ 9, 15.

In his counterclaim, Bekiarian asserts that IP is statutorily and contractually obligated to reimburse him for the expenses he has incurred responding to IP's claims, and to indemnify him for any potential liability resulting therefrom. Answer ¶ 46-48. According to Bekiarian, he is entitled to this relief because IP's claims against him arise out of actions Bekiarian took as an employee of IP. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

As stated above, Bekiarian asserts that IP is obligated to reimburse him for the expenses he has incurred responding to IP's claims, and to indemnify him for any potential liability resulting therefrom. Bekiarian's claim for relief is grounded on Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws.

In his opposition Bekiarian attempts to clarify that he "seeks indemnity, including attorneys' fees and costs, under Corporations Code § 317, and Defendant IP's Bylaws." Opp'n at 1. However, "[w]ith respect to Labor Code § 2802, Bekiarian only seeks indemnity for the potential third party liability created by Plaintiff Farris' claims and the attorneys' fees and costs incurred in seeking that indemnity. Bekiarian does not seek prevailing attorneys' fees under Labor Code§ 2802." Id. The Court addresses each ground for relief in turn.[2]

---

[2] IP also argues that Bekiarian's Answer should be stricken in its entirety, because Bekiarian filed it 21 days after this Court denied Bekiarian's motion to dismiss, rather than the requisite 14 days. Mot. Dism. at 3, n.1. Bekiarian's counsel has attached a declaration to his opposition in which he apologizes for the late filing and avers that his firm "inadvertently mis-calendared the response date for exactly one week after it was actually due." Silverstein Decl. ¶ 3. In light of this plausible explanation and the absence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

### A.     Indemnification Under Labor Code § 2802

Bekiarian first seeks indemnification pursuant to Labor Code § 2802, which provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Labor Code § 2802.

To the extent that Bekiarian's counterclaim is founded on Section 2802, it fails to state a claim. In <u>Nicholas Laboratories, LLC v. Chen</u>, 199 Cal. App. 4th 1240, 1251 (2011), the California Court of Appeal held that the California Legislature did not "intend[] to depart from the usual meaning of the word 'indemnify' to address 'first party' disputes between employers and employees." <u>See also</u> <u>Warner v. Sims Metal Mgmt.</u>, 2013 WL 4777314, at *2 (N.D. Cal. Sept. 6, 2013) ("An employee, however, cannot seek indemnification for the costs of defending himself against a lawsuit by his employer under Section 2802"). Thus, Section 2802 is inapplicable to the present case because Bekiarian is engaged in litigation against his employer, and not a third party.

Bekiarian resists this conclusion, directing the Court to <u>O'Hara v. Teamsters Union Local #856</u>, 151 F. 3d 1152 (9th Cir. 1998) and <u>Cochran v. Schwan's Home Serv., Inc.</u>, 228 Cal. App. 4th 1137 (2014). In <u>O'Hara</u>, a former union employee sued the union and two of its officers. The officers then filed a cross-claim against the union, seeking indemnification for costs incurred in responding to the employee's lawsuit. In turn, the union filed a cross-claim against the officers, requesting indemnification for the expenses the union incurred in defending and settling the employee's lawsuit. Bekiarian argues that <u>O'Hara</u> is "directly on point and holds an employee is entitled to indemnification for

---

of any apparent prejudice to IP, the Court declines to strike Bekiarian's Answer based on a procedural technicality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

third-party liability, and attorneys' fees incurred in enforcing his indemnification rights against his employer." Opp'n at 6. Further, Bekiarian argues that Nicholas Laboratories actually supports his position, since that court noted that "O'Hara stands for the proposition that defending against an employer's claim can (at least in some circumstances) provide the basis for indemnification under section 2802." 199 Cal. App. 4th at 1250.

Bekiarian's argument misses the mark. Immediately following the quoted language cited by Bekiarian, the Nicholas Laboratories court wrote:

> Of course, the distinction between *O'Hara* and the instant case is that *O'Hara* involved an underlying third party claim that was the basis for the monetary dispute between the parties over who was required to indemnify whom. Moreover, the *O'Hara* court did not closely examine whether the [officers'] pursuit of their indemnification rights could really be separated from their defense of the union's cross-complaint (which sought reimbursement for its costs of defending and settling the employee's lawsuit). We are not convinced *O'Hara* answers the question presented in this case.

199 Cal. App. 4th at 1250.

Here, unlike in O'Hara, there is no underlying third party claim against both Bekiarian and IP. Instead, the third party claim—i.e., plaintiff Farris's action—is directed solely at IP. Contrary to Bekiarian's assertion, which he renewed at oral argument, there will be no dispute over who is required to indemnify whom if Farris succeeds in his lawsuit. If Farris succeeds, IP will be liable for Farris's damages, not Bekiarian. Bekiarian will only incur liability if IP can prove—in this separate action—that Bekiarian engaged in the tortious misconduct alleged by IP. In short, while Farris's suit against IP and IP's suit against Bekiarian are undoubtedly related, Bekiarian simply has not been sued by Farris and thus Section 2802 does not apply. See Nicholas Laboratories, 199 Cal. App. 4th at 1247 ("Section 2802 . . . requires an employer to indemnify an employee who is *sued by third persons* for conduct in the course and scope

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

of his or her employment") (emphasis in original). Accordingly, the Court concludes that the counterclaim fails to state a claim based on Section 2802.[3]

### B. Indemnification Under California Corporations Code § 317

Bekiarian's claim for indemnity is also grounded on California Corporations Code § 317, which provides, in relevant part:

> A corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action by or in the right of the corporation to procure a judgment in its favor by reason of the fact that the person is or was an agent of the corporation, against expenses actually and reasonably incurred by that person in connection with the defense or settlement of the action if the person acted in good faith, in a manner the person believed to be in the best interests of the corporation and its shareholders.
>
> To the extent that an agent of a corporation has been successful on the merits in defense of any proceeding referred to in [the previous paragraph] or in defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith.

---

[3] Cochran similarly does not support Bekiarian's position. Bekiarian asserts that Cochran confirms that "the purpose of Labor Code § 2802 is to prevent employers from passing their operating expenses to their employees and provides a mechanism for enforcing this right." Opp'n at 6. In Cochran, employees sued their employer seeking reimbursement for expenses pertaining to the work-related use of their personal cell phones. 228 Cal. App. 4th 1137, 1140. The court held that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them." Id. The Court agrees with IP that Cochran is "wholly inapposite." Reply at 5. Neither the facts nor the holding of Cochran supports Bekiarian's argument that IP must indemnify him for claims brought by plaintiff Farris against IP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Cal. Corp. Code § 317(c)-(d). IP argues that Bekiarian cannot sate a claim under Corporations Code § 317 because an employer is not required to indemnify an employee in a suit brought by his employer where the "employee engages in self-serving conduct, not for the corporate good." Mot. Dism. at 4. IP relies on Warner v. Sims Metal Mgmt., 2013 WL 4777314 (N.D. Cal. Sept. 6, 2013). There, the court found as a matter of law that an employee being sued by his employer for conversion and submitting fraudulent expense reports could not seek indemnification under Section 317. Warner, at *2. The Warner court relied on Plate v. Sun-Diamond Growers, 225 Cal. App. 3d 1115 (1990)—and misread the case in doing so.

      This Court cannot, as a matter of law, find that Bekiarian cannot seek indemnification under Section 317. As discussed in Plate, if a corporate agent "is acquitted of any wrongdoing, he or she has a right to indemnification for legal expenses incurred for his or her defense." 225 Cal. App. 3d at 1124. Moreover, unlike Section 2802, Section 317 is not "limited in application to third party lawsuits." Wilshire-Doheny Assocs. Ltd. v. Shapiro, 83 Cal. App. 4th 1380, 1390 (2000). Thus, if Bekiarian is successful on the merits of this action brought against him by IP, IP may well have a duty to indemnify him. Conversely, IP will not be required to indemnify Bekiarian if he fails on the merits. Accordingly, the Court finds that the counterclaim states a claim under Corporations Code § 317.

      **C.**     **Indemnification Under IP's Corporate Bylaws**

      Bekiarian also seeks indemnification under IP's corporate bylaws. IP argues that the counterclaim fails to state a claim for indemnification based on the bylaws because the counterclaim does not identify what provisions of the bylaws give rise to Bekiarian's claimed right to indemnification. Mot. Dism. at 5. The Court agrees with IP. Without additional allegations regarding the terms of the bylaws, the counterclaim's reference to them amounts to mere "labels and conclusions," which are not sufficient to give rise to a plausible claim for relief. See Twombly, 550 U.S. at 555.

      In his opposition, however, Bekiarian requests leave to amend in order to attach the bylaws, or to identify the relevant provisions therein. Opp'n at 9. Accordingly, the Court concludes that the counterclaim fails to state a claim based on IP's corporate bylaws, but finds it appropriate to grant Bekiarian's request for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-00485-CAS(SPx) | Date | October 7, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, IP's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, IP's motion is DENIED insofar as it is grounded on California Corporations Code § 317. IP's motion is GRANTED with prejudice insofar as it is based on California Labor Code § 2802. IP's motion is conditionally GRANTED insofar as it is based on IP's corporate bylaws. Bekiarian shall have until **October 15, 2014**, to submit IP's bylaws and a memorandum, **not to exceed five pages**, explaining why the bylaws support his claim. IP shall have until **October 22, 2014**, to file an opposition, **not to exceed five pages**.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |